### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Joy Kathaleen Beers, ) | |
| ) | Case No. 19-50315-btf7 |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary No. _____ |
| ) | |
| Select Portfolio Servicing, Inc., ) | |
| ) | |
| Serve Registered Agent at: ) | |
| CSC – Lawyers Incorporating Service Co. ) | |
| 221 Bolivar St. ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| and ) | |
| ) | |
| Specialized Loan Servicing LLC, ) | |
| ) | |
| Serve Registered Agent at: ) | |
| United Agent Group Inc. ) | |
| 12747 Olive Blvd., #300 ) | |
| St. Louis, MO 63141 ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Joy Kathaleen Beers, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who in her Complaint for Damages, states and alleges to the Court as follows:

### INTRODUCTION

1. This case also seeks relief for Plaintiff from Defendants' continued collection efforts in violation of the Discharge Injunction pursuant to 11 §U.S.C. 524(a). Due to the egregious nature of Defendants' actions, it resulted in, among other things, Plaintiff's emotional distress, debilitating anxiety, significant lost time, frustration, loss of sleep, loss of employment,

and a hinderance to her fresh start afforded under the Bankruptcy Code. Plaintiff is asserting claims for money damages, attorney's fees, and the costs of this action.

2. Further, due to the willful and persistent nature of Defendants' behavior and Defendants' reckless disregard for Plaintiff's rights, Plaintiff is requesting punitive damages and/or a civil penalty pursuant to 11 U.S.C. § 105(a) and this Court's inherent authority to enforce its own Orders.

## JURISDICTION AND VENUE

3. Joy Kathaleen Beers (hereafter "**Plaintiff**") commenced the above-captioned bankruptcy case by filing a petition for bankruptcy relief in the United States Bankruptcy Court for the Western District of Missouri under Chapter 13 of Title 11 of the United States Code on September 13, 2012.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

5. This adversary contains core proceedings within the meaning of 28 U.S.C. §157(b)(2)(A), (B) and (K).

6. This adversary proceeding contains claims that are statutorily core.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

## PARTIES AND SERVICE

8. Plaintiff is a natural person who, at all times relevant, reside in the State of Missouri.

9. Defendant Select Portfolio Servicing, Inc., (hereafter "**Defendant SPS**"), is a mortgage servicing company that regularly services customers in Missouri, and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Co., at 221 Bolivar St., Jefferson City, MO 65101.

10. Defendant Specialized Loan Servicing LLC, (hereafter "**Defendant SLS**"), is a mortgage servicing company that regularly services customers in Missouri, and may be served through its Registered Agent, United Agent Group Inc., at 12747 Olive Blvd., #300, St. Louis, MO 63141.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. In June 2006, Plaintiff and her husband executed a Promissory Note secured by a first Deed of Trust on Plaintiff's real estate located at 604 W. Missouri St., Oregon, MO 64473.

12. The first mortgage loan was serviced by Defendant SPS.

13. In June 2006, Plaintiff and her husband executed a Promissory Note secured by a second Deed of Trust on Plaintiff's real estate located at 604 W. Missouri St., Oregon, MO 64473.

14. The second mortgage loan was serviced by Defendant SLS.

15. After Plaintiff's husband unexpectedly passed away, Plaintiff contacted both Defendant SPS and Defendant SLS and advised them she was filing a Chapter 7 Bankruptcy.

16. On July 8, 2019, Plaintiff filed a Chapter 7 Bankruptcy in the Western District of Missouri as Case No. 19-50315-btf7.

17. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines was entered on July 8, 2019, and the Certificate of Service was filed on July 10, 2019, showing Defendant SPS and Defendant SPS were sent notice of Plaintiff's bankruptcy.

18. The BNC Certificate of Mailing of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines is attached as Exhibit A.

19. Defendant SPS was listed on Plaintiff's Schedule D as a secured creditor holding a first lien on Plaintiff's real estate located at 604 W. Missouri St., Oregon, MO 64473.

20. Defendant SLS was listed on Plaintiff's Schedule D as a secured creditor holding a second lien on Plaintiff's real estate located at 604 W. Missouri St., Oregon, MO 64473.

21. The pertinent pages of Plaintiff's Bankruptcy Schedule D are attached as Exhibit B.

22. On Plaintiff's Statement of Intention, she declared she intended to surrender the real property back to Defendant SPS and Defendant SLS.

23. The pertinent page of the Statement of Intention is attached as Exhibit C.

24. Plaintiff received her discharge on October 3, 2019.

25. The BNC Certificate of Mailing of the Discharge of Debtor is attached as Exhibit D.

26. After her Discharge, Plaintiff continued to receive monthly statements, letters, escrow statements, notices, and phone calls at least twice a week from both defendants.

27. Both defendants continued collection attempts, pushed payment plans, and tried to pursue a deed in lieu.

28. With each call, Plaintiff would advise she surrendered the real property in her bankruptcy and received her discharged.

29. The stress of her husband's sudden passing and Defendants' harassment was interfering with her job, and Plaintiff ultimately quit.

30. On September 2, 2020, through counsel Plaintiff sent Defendants Cease and Desist Letters demanding all contact cease immediately.

31. The Cease and Desist Letter was sent to the designated address provided by Defendant SPS.

32. Cease and Desist Letter to Defendant SPS, certificate of service, and certified mail return receipt are attached as Exhibit E.

33. The Cease and Desist Letter was sent to the designated address provided by Defendant SLS.

34. Cease and Desist Letter to Defendant SLS, certificate of service, and certified mail return receipt are attached as Exhibit F.

35. Both Defendants ignored the Cease and Desist Letters, and the statements and calls continued.

36. On November 9, 2020, through counsel Plaintiff sent Defendants second Cease and Desist Letters demanding all contact cease immediately.

37. The second Cease and Desist Letter was sent to the designated address provided by Defendant SPS.

38. Second Cease and Desist Letter to Defendant SPS, certificate of service, and certified mail return receipt are attached as Exhibit G.

39. The second Cease and Desist Letter was sent to the designated address provided by Defendant SLS.

40. Second Cease and Desist Letter to Defendant SLS, certificate of service, and certified mail return receipt are attached as Exhibit H.

41. Counsel received an Acknowledgement Letter from Defendant SPS dated November 16, 2020.

42. Defendant SPS's Acknowledgment Letter is attached as Exhibit I.

43. Counsel received a Reply Letter from Defendant SPS dated December 29, 2020 indicating it had updated its system to cease all further communications directly with Plaintiff.

44. Defendant SPS's Reply Letter is attached as Exhibit J.

45. Despite Defendant SPS's Reply, Plaintiff continued to receive monthly statements, letters, escrow statements, notices, and phone calls at least twice a week.

46. Defendant SLS failed to send any acknowledgment or reply, and Plaintiff continued to receive monthly statements, letters, escrow statements, notices, and phone calls at least twice a week.

47. Defendant SLS even sent a Settlement Letter dated September 28, 2021, trying to settle the account for $6,400.

48. Defendant SLS's Settlement Letter to attached as Exhibit K.

49. Plaintiff asked Defendant SLS to send this Settlement Letter to counsel, and "Felisha" with Defendant SLS emailed counsel on November 2, 2021.

50. Defendant SLS's Email is attached as Exhibit L.

51. Since Plaintiff's Discharge on October 3, 2019, Defendants have willfully continued all collections efforts, sending monthly statements, letters and notices, calling twice a week, and trying to settle a discharged debt in violation of 11 U.S.C. §524(a), which has caused Plaintiff material injury.

**CAUSES OF ACTION**

**COUNT I**
**DEFENDANT SPS & DEFENDANT SLS**
**VIOLATIONS OF 11 U.S.C. §105 and §524**

52. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

53. Since Plaintiff's Discharge on October 3, 2019, Defendants have willfully continued all collections efforts, sending monthly statements, letters and notices, calling twice a week, and trying to settle a discharged debt in violation of 11 U.S.C. §524(a), which has caused Plaintiff material injury.

54. Defendants' willful disregard for the Orders of this Bankruptcy Court have resulted in actual damages to Plaintiff including but not limited to Plaintiff's emotional distress,

debilitating anxiety, significant lost time, frustration, loss of sleep, loss of employment, and a hinderance to her fresh start afforded under the Bankruptcy Code. Plaintiff has incurred damages including attorney's fees to bring this action.

55. This Court has authority to award damages and attorney's fees under 11 U.S.C. §105.

WHEREFORE, Plaintiff requests this Court entered a judgment against Defendants for violation of the Discharge Injunction and order Defendants to pay Plaintiff's damages, reasonable attorney's fees, award the costs of this action, and for such other and further relief as this Court deems just and proper.

## COUNT II
## DEFENDANT SPS & DEFENDANT SLS
## PUNITIVE DAMAGES FOR CONTEMPT UNDER 11 U.S.C. §105

56. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

57. Defendants' willful actions are in direct violation of the Discharge Injunction pursuant to 11 U.S.C. § 524(a) and constitute contempt of this Bankruptcy Court's Order.

58. Plaintiff sent Defendants two Cease and Desist Letters which Defendants ignored.

59. An award of punitive damages is appropriate for a creditor's violation of the Discharge Injunction where the was done with either "malevolent intent" or a "clear disregard and disrespect of the bankruptcy laws." In re Poindexter, 376 B.R. 732 (Bankr. W.D. Mo. 2007).

60. "To support a finding of contempt, the moving party must establish that an order of the court was in effect, the defendant knew of the order, and the defendant failed to comply with the order." In re Mayex II, Corp, 178 B.R. 464, 471 (Bankr. W.D. Mo. 1995). "Before a party can be held in contempt for violating a court order, he must have *actual knowledge* of the

order." *Id.* (*quoting* Hazen v. Reagen, 16 F.3d 921, 924 (8th Cir. 1994)) also cited by, In re Steward, 828 F.3d 672 (8th Cir. 2016).

61. Pursuant to 11 U.S.C. § 105(a), this Court is authorized to take "any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process," including the relief sought by Plaintiff herein.

62. Defendants' actions have caused emotional distress, debilitating anxiety, significant lost time, frustration, loss of sleep, loss of employment, and a hinderance to her fresh start afforded under the Bankruptcy Code.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants for punitive damages, and for such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joy Kathaleen Beers respectfully requests this Court award the following:

a. Actual Damages;

b. Punitive Damages;

c. Costs and reasonable attorney's fees; and

d. For such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Chelsea S. Herring
Chelsea S. Herring #51089
The Law Offices of Tracy L. Robinson, LC
600 E. 8th St., Suite A
Kansas City, MO 64106
Phone: (816) 778-7328 Direct
Fax: (816) 842-0315
chelseah@tlrlaw.com
Attorney for Plaintiff